## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| Martin J. Walsh, | ) | |
| Secretary of Labor, | ) | CIVIL FILE NO. |
| United States Department of Labor, | ) | |
| | ) | NO. |
| Plaintiff, | ) | 2:22-CV-036-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| Jankijuhi, Inc. | ) | |
| d/b/a America's Best Value Inn, | ) | |
| Juhi Janki, LLC d/b/a Hofbrau River | ) | |
| Front Hotel, Jasmine Juhi, LLC d/b/a | ) | |
| Budgetel Inn, Chhaganbhai Somabai, Inc. | ) | |
| d/b/a Jameson Hotel, and Ashvin Patel, | ) | |
| an individual, | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department

of Labor ("Plaintiff"), brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217,

to have Defendants Jankijuhi, Inc. d/b/a America's Best Value Inn ("America's

Best"), Juhi Janki, LLC d/b/a Hofbrau River Front Hotel ("Hofbrau River Front"),

Jasmine Juhi, LLC d/b/a Budgetel Inn, ("Budgetel Inn"), Chhaganbhai Somabai,

Inc., d/b/a Jameson Hotel ("Jameson Hotel"), and Ashvin Patel (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 6, 7, 11(c), and 15(a)(3) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "FLSA" or "the Act"); and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages together with an equal amount as liquidated damages.

## I.

1.  This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act, 28 U.S.C. §§ 1331 (federal question), and 1345 (United States as Plaintiff).

2.  Venue lies in the United States District Court, Northern District of Georgia, Gainesville Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

## II.

1.  Defendants America's Best, Hofbrau River Front, Budgetel Inn, and Jameson Hotel, at all times hereinafter mentioned, have been Georgia corporations licensed to do business in the State of Georgia.  All corporations shared a principal

place of business at P.O. Box 1024, Helen, White County, Georgia 30545. America's Best was located at 8288 South Main Street, Helen, White County, Georgia 35045. Hofbrau River Front was located at 8949 N. Main Street, Helen, White County, Georgia 30545. Budgetel Inn was located at 11 Edelweiss Street, White County, Helen, Georgia 30545. Jameson Hotel was located at 11 Edelweiss Street, White County, Helen, Georgia 30545.

2. Defendant Ashvin Patel ("Mr. Patel"), an individual doing business in Helen, Georgia, at all times hereinafter mentioned, is and has been the owner of America's Best, Hofbrau River Front, Budgetel Inn, and Jameson Hotel, and acted directly or indirectly in the interest of the aforesaid corporations in relation to its employees, including the hiring and termination of workers, and therefore is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

3. At all times hereinafter mentioned, each defendant has been a "person" within the meaning of Section 3(a) of the Act, 29 U.S.C. § 203 (a) in that each has been an "individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

### III.

At all times hereinafter mentioned:

1.  Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

2.  Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

**IV.**

Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.  Specifically, Defendants paid all managers a flat monthly fee without regard to hours worked. Because of the number of hours worked by these employees, these employees earned less than the applicable minimum hourly rate of $7.25 per hour.

4

## V.

Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees, for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.  Specifically, Defendants paid the managers a flat monthly rate of pay regardless of the number of hours worked per month.

## VI.

Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), Regulations found at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

## VII.

By the conduct described below, Defendants violated the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by intentionally discriminating against their employees because of their exercise of rights secured by the Act and/or because they believed the employees exercised rights secured by the Act.

1.  At all times relevant to this Complaint, Mr. Patel was the primary owner of Defendants America's Best, Hofbrau River Front, Budgetel Inn, and Jameson Hotel.

2.  At all times relevant to this Complaint, employee Peggy Lynn worked as a manager at America's Best or a housekeeper at Jameson Hotel.  While a manager, Ms. Lynn worked daily from 6:30 am to 11 pm. Her duties included operating the front desk, housekeeping services, and some maintenance duties. Defendants paid her $600.00 monthly and provided room and board at the hotel she managed.

3.  At all times relevant to this Complaint, employee Karen Clark worked as a manager at the Hofbrau River Front Hotel, employee John Brock worked as a manager at Budgetel Inn or America's Best, employee Chris Cantrell worked as a manager at Jameson Hotel.  Except for Ms. Clark, Defendants paid

each manager $600.00 monthly and provided room and board at the hotel they managed.  Defendants paid Ms. Clark $700.00 monthly plus room and board.

4.   Ms. Lynn and the other managers each lived on the hotel properties they managed.

5.   Ms. Lynn and the other managers of each hotel (America's Best, Hofbrau River Front, Budgetel Inn, and the Jameson Hotel), worked on call during the night and were responsible for responding to customer issues and after-hours check-in as needed.  Defendants required all managers to leave their cell phone numbers posted at the front door for all after-hours issues.

6.   All managers lived at the hotels they worked for the benefit of the Defendants, as they were required to be available for hotel guests 24 hours per day.

7.   In May 2020, Defendant's employee Peggy Lynn contacted the Department of Labor ("DOL") alleging wage-hour violations by Defendants.

8.   In May 2020, DOL opened an investigation into alleged wage and hour violations by Defendants and notified Defendants of the investigation.

9.   On or shortly before May 13, 2020, Mr. Patel met with his employees at the four hotels to discuss DOL's investigation.

10.   At this meeting, Mr. Patel focused his discussion on two topics, what employees should say to DOL investigators and the consequences of the

employees' cooperation with DOL.  He warned employees about what would
happen to those who complained to DOL about him.

<u>Mr. Patel's Coaching at the Meeting</u>

11.  At the meeting, Mr. Patel told his employees, "you're just going
to have to do exactly what I ask you to do and think—or not think probably, [so] I
can have this case closed, okay."

12.  At the meeting, Mr. Patel instructed the employees to provide
inaccurate compensation details.  He directed managers to falsely report receiving
$400 a month in tips.

13.  At the meeting, Mr. Patel instructed employees to lie about their
respective start dates, stating "we don't want to give the exact date…."  He also
ordered employees to misrepresent the number of hours they worked, stating that
"…everybody needs to write this down…we have to say…everybody
works…roughly about eight hours a day," despite the fact that he required
managers to be on call for more hours.

14.  While telling his employees what to say to federal investigators,
Mr. Patel also urged employees to help him end the investigation.  He uttered "I'll
tell you a bad thing about this investigation.  If you give them the <u>right</u> questions
and answers, they will close the case right away."

<u>Mr. Patel's Retaliation at the Meeting</u>

15.  Mr. Patel was clear to communicate his plan to rid the company of the individual(s) who complained to DOL.  He stated "if anybody's not happy now and they feel that now they don't want to do this anymore, they want to get out, they want to leave, now's your chance if anybody wants to go.  Does anybody want to leave? No? You're all good? Okay.  I want to make sure everybody's happy…because whoever did this, they <u>done</u>."  Later at the meeting, Mr. Patel said "whoever did this, I mean, they can you know, they cancel this show in a heartbeat."

16.  Additionally, at the meeting, Mr. Patel made veiled threats to his employees stating that whoever made the complaint, will have to "find another job and find a place to rent….and pay rent, power bill, phone bill…."

<u>Retaliation Focused on Ms. Lynn</u>

17.  In early May 2020, within days of the commencement of the DOL investigation, Mr. Patel commenced repeatedly questioning Ms. Lynn whether she made the complaint to DOL and accused her of "ratting" on him.  He directly threatened Ms. Lynn, warning her "that things could get ugly and nasty for everyone involved."

9

18. On information and belief, Mr. Patel believed Ms. Lynn contacted DOL about wage and hour violations and, as a result, started a campaign of retaliation against her.

19. Mr. Patel demoted and transferred Ms. Lynn. Specifically, within two months of the commencement of DOL's investigation, on or around July 9, 2020, Mr. Patel transferred Ms. Lynn to the Jameson Hotel. He stripped her of her title as manager and demoted her to a housekeeper position. Mr. Patel forced her to work as a housekeeper, even though she informed Mr. Patel of her mobility issues caused by back problems.

20. Ms. Lynn's job became difficult. Mr. Patel directed Ms. Lynn to clean substantially more rooms than other housekeepers.

21. On or around July 16, 2020, Ms. Lynn notified Mr. Patel she could no longer continue to work as a housekeeper because of the physical pain. Instead of moving Ms. Lynn to another position or reducing the number of rooms she cleaned, Mr. Patel replied that if she could not clean the hotel rooms as required, she needed to leave.

22. On or around July 17, 2020, Ms. Lynn quit her job, relinquishing her employment and her housing.

23.  Mr. Patel provides numerous reasons for moving Ms. Lynn into a housekeeping role, but none of the reasons include poor job performance as a front desk manager by Ms. Lynn.

## VIII.

**WHEREFORE**, cause having been shown, Plaintiff prays for judgment against Defendants and requests that the Court issue an Order as follows:

1.  Finding that Defendants unlawfully discriminated against Ms. Lynn and other employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

2.  Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6(a), 7(a), 11(c), and 15(a)(3) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of this action, and an additional equal amount as liquidated damages to employees (as named in Appendix  "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); awarding compensatory

damages, and for such other and further relief as may be necessary and appropriate

including costs of this action.


Respectfully submitted this 22nd day of February 2022.


ADDRESS:                                   SEEMA NANDA
                                           Solicitor of Labor

Office of the Solicitor
U. S. Department of Labor                  TREMELLE I. HOWARD
61 Forsyth Street, S.W.                    Regional Solicitor
Room 7T10
Atlanta, Georgia 30303                     CHARNA C. HOLLINGSWORTH-MALONE
                                           Deputy Regional Counsel

Telephone:                                 ROBERT L. WALTER
(404) 302-3927                             Counsel
(404) 302-5438 (FAX)
                                           BY: /s/*Dwayne A. Brown Jr.*
Email:                                          DWAYNE A. BROWN JR.
Brown.dwayne.a@dol.gov                           Trial Attorney
Atl.fedcourt@dol.gov


                                           Attorneys for the Secretary of Labor,
                                           United States Department of Labor,
                                           Office of the Solicitor


SOL Case No. 20-00637


12